MATERN LAW GROUP, PC
Matthew J. Matern (SBN 159798)
Email: mmatern@maternlawgroup.com
Joshua D. Boxer (SBN 226712)
Email: jboxer@maternlawgroup.com
Clare E. Moran (SBN 340539)
Email: cmoran@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Telephone: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for Plaintiff THOMAS CROSS, individually and on behalf of others similarly situated and aggrieved

*Additional counsel on following page*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CROSS, an individual, on behalf of himself and on behalf of other persons similarly situated and aggrieved,<br><br>Plaintiff,<br><br>v.<br><br>TRICOLOR AUTO GROUP, LLC, a Delaware corporation; TRICOLOR CALIFORNIA AUTO GROUP, LLC, a Delaware corporation; and DOES 1 through 50, inclusive<br><br>Defendants. | CASE NO. 2:22-CV-01946-KJM-JDP<br><br>[Assigned to the Hon. Kimberly J. Mueller & Hon. Jeremy D. Peterson]<br><br>**NOTICE OF DECISION AND JOINT STATUS REPORT** |

1  RYAN H. CROSNER, CA Bar No. 278418
   ryan.crosner@ogletree.com
2  OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
3  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
4  Telephone: 213-239-9800
   Facsimile: 213-239-9045
5
   BRIANA LABRIOLA, CA Bar No. 293548
6  briana.labriola@ogletree.com
   OGLETREE, DEAKINS, NASH,
7  SMOAK & STEWART, P.C.
   Park Tower, Fifteenth Floor
8  695 Town Center Drive
   Costa Mesa, CA 92626
9  Telephone: 714-800-7900
   Facsimile: 714-754-1298
10
   Attorneys for Defendants
11 TRICOLOR AUTO GROUP, LLC;
   TRICOLOR CALIFORNIA AUTO GROUP, LLC
12

**NOTICE OF DECISION AND JOINT STATUS REPORT**

Plaintiff Thomas Cross ("Plaintiff") and Defendants Tricolor Auto Group, LLC and Tricolor California Auto Group, LLC (collectively, "Defendants") (collectively with Plaintiff herein as the "Parties") to the above-entitled action respectfully submit this Joint Status Report pursuant to the Court's Order (Dkt. No. 28).

Following this Court's Order granting Defendants' Motion to Compel Arbitration, dismissing Plaintiff's class claims and staying representative PAGA claims, Plaintiff submitted his Demand for Arbitration with the American Arbitration Association.

On July 17, 2023, the California Supreme Court published its opinion in *Adolph v. Uber Technologies, Inc.*, 14 Cal. 5th 1104 (2023). The Parties have met and conferred on the issue of how the case should proceed in light of the *Adolph* decision.

**Plaintiff**

In *Adolph v. Uber Technologies*, the California Supreme Court held that "[s]tanding under PAGA is not affected by enforcement of an agreement to adjudicate a plaintiff's individual claim in another forum," thereby rejecting the United States Supreme Court's PAGA standing analysis in *Viking River Cruises, Inc. v. Moriana*, 596 U.S. __ ,142 S. Ct. 1906 (2022). *Adolph*, 14 Cal. 5th at 1104.

> The question here is whether an aggrieved employee who has been compelled to arbitrate claims under PAGA that are "premised on Labor Code violations actually sustained by" the plaintiff maintains statutory standing to pursue "PAGA claims arising out of events involving other employees" in court. We hold that the answer is yes.

*Id.* (citations omitted) (quoting *Viking River*, 142 S. Ct. at 1916). The California Supreme Court's decision regarding standing is binding on all state and federal courts, including the United States Supreme Court. *Id.*

In light of the Supreme Court's ruling, and because Plaintiff's non-individual PAGA claim has been stayed pending the *Adolph* decision, Plaintiff respectfully requests that the Court lift the stay and allow Plaintiff's entire PAGA claim to proceed in court. Given the low bar in establishing that a PAGA plaintiff is an "aggrieved employee" based on only "one or more of the alleged

violations" being committed, it would not be economical for the Parties to arbitrate Plaintiff's aggrieved status with the arbitrator, only to end up back in court litigating the non-individual PAGA claim.

**Defendants**

The *Adolph* court made clear throughout its opinion that a stay of the non-individual PAGA action may be and is entirely appropriate when the individual PAGA action has been compelled to arbitration. In discussing the issue, the California Supreme Court cites to both California and federal statutory schemes mandating stays of nonarbitrable issues, and makes no indication that such provisions would not similarly apply in the PAGA context:

> When a case includes arbitrable and nonarbitrable issues, the issues may be adjudicated in different forums while remaining part of the same action. Code of Civil Procedure section 1281.4 states that upon "order[ing] arbitration of a controversy which is an issue involved in an action," the court should "stay the action." It further provides that "[i]f the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only."

*Adolph v. Uber Techs., Inc.,* 14 Cal. 5th 1104, 532 P.3d 682, 693.

The California Court also recognized that under the FAA, this same principle "requires piecemeal resolution [of related disputes in different forums] when necessary to give effect to an arbitration agreement." *Id.* (citing *Moses H. Cone Hospital v. Mercury Constr. Corp.* (1983) 460 U.S. 1, 20.)

This Court should do as the *Adolph* court expressly provides for, and retain the current stay of Plaintiff's non-individual PAGA claim in court while his individual PAGA claim is arbitrated.

//
//
//
//
//
//
//

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Date:  August 29, 2023 | MATERN LAW GROUP |
| 4 |  | By: /s/ Clare Moran |
| 5 |  | Matthew J. Matern<br>Joshua D. Boxer<br>Clare E. Moran<br>Attorneys for Plaintiff Thomas Cross |
| 8 |  | Respectfully submitted, |
| 9 | Date:  August 29, 2023 | OGLETREE, DEAKINS, NASH,<br>SMOAK & STEWART, P.C. |
| 12 |  | By:  /s/ Briana LaBriola |
| 13 |  | Ryan H. Crosner<br>Briana LaBriola<br>Attorneys for Defendants Tricolor Auto Group, LLC; Tricolor California Auto Group, LLC |